United States District Court
Southern District of Texas
**ENTERED**
March 11, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STACY E. DUKE and RICKIE J. DUKE, § § *Plaintiffs*, § v. § § STATE FARM LLOYDS, § § *Defendant*. § § § | CIVIL ACTION NO. 4:22-cv-4516 |

## ORDER

Pending before the Court is Defendant State Farm Lloyds' ("State Farm" or "Defendant") Motion for Partial Summary Judgment. (Doc. No. 14). Plaintiffs Stacy and Rickie Duke (collectively, "Plaintiffs") filed a response in opposition (Doc. No. 18), and State Farm replied. (Doc. No. 20). Considering the motion, briefing, evidence, and applicable law, the Court hereby **GRANTS** State Farm's Motion for Summary Judgment. (Doc. No. 14).

### I.    Background

This is a dispute regarding Plaintiffs' home insurance policy. State Farm issued a home insurance policy to Plaintiffs Stacy and Rickie Duke that covered Plaintiffs' home at all relevant times (the "Policy").[1] (Doc. No. 1 at 9). On March 30, 2022, Plaintiffs submitted a claim for property damage that they allege was caused by a hail and windstorm on March 21, 2022. (*Id.*). On April 1, 2022, State Farm contacted Stacy Duke to explain the claims process and confirm a time for an inspection. (Doc. No. 14 at 52). State Farm's inspector, George Harris, performed the inspection on April 14, 2022. (*Id.* at 60). Harris noted that "a full replacement [of the roof] is not warranted, but repairs to the damaged shingles are warranted." (*Id.* at 51). Defendant subsequently confirmed that there was covered damage caused by hail. (*Id.* at 60). State Farm

---

[1] The Court refers to the pleadings, Motion, and response where applicable for background and context.

estimated the damage at $6,093.10. (*Id.*). Nevertheless, State Farm did not pay Plaintiffs for the covered damage because the loss was less than their $18,210.00 deductible. (*Id.*). Moreover, State Farm noted that Harris observed additional damage not caused by hail and reminded Plaintiffs that it did not cover damage arising from wear and tear. (*Id.* at 60–61).

After reviewing photographs taken at the initial inspection, State Farm requested a second inspection, which took place on April 27, 2022. (*Id.* at 45–46). A second inspector, Jimmy Swink, Harris, and Plaintiffs' contractor attended the second inspection. Swink's inspection report noted that Harris "pointed out what he believed to be hail spatter" on the roof. (*Id.* at 46). Swink disagreed, stating that most of the marks were "not consistent with hail spatter." (*Id.*). Additionally, Swink noted that the only hail spatter observed was "old damage." (*Id.*). Swink's investigation report also noted that when he later spoke with Stacy Duke, Duke did not agree with his findings because it was inconsistent with Harris's results. (*Id.* at 48). The next day, State Farm sent Plaintiffs a letter notifying them that the second inspection determined that there was no covered damage to the property—contrary to the results of the first inspection. (*Id.* at 64). As a result, State Farm closed Plaintiffs' claim on April 28, 2022. (*Id.* at 45). Plaintiffs allege that the hail damage is covered by the Policy, and that the Policy required State Farm to replace their roof and repair additional exterior damages. (Doc. No. 1 at 10).

Plaintiffs filed suit against State Farm in Texas state court. *See* (Doc. No. 1). The case was then removed to this Court. Plaintiffs' allege that: 1) Defendant intentionally breached the insurance contract between State Farm and Plaintiffs; 2) Defendant misrepresented to Plaintiffs material facts relating to coverage in violation of Tex. Ins. Code § 541.060(a)(1); 3) Defendant failed to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim although Defendant's liability was reasonably clear in violation of Tex. Ins. Code § 541.060(a)(2); 4)

Defendant failed to promptly provide a reasonable explanation of the basis in law or fact for denying Plaintiffs' claim in violation of Tex. Ins. Code § 541.060(a)(3); 5) Defendant conducted an outcome-oriented or unreasonable investigation of Plaintiffs' claim in violation of Tex. Ins. Code § 541.060(a)(7); 6) Defendant delayed paying Plaintiffs' claim in violation of Tex. Ins. Code § 542.058; 7) Defendant breached its common law duty of good faith; and 8) Defendant's aforementioned handling of the claim also violates multiple sections of the Texas Deceptive Trade Practices Act (DTPA). *See* (Doc. No. 1).

Defendant now seeks summary judgment on Plaintiffs' claims for violations of Chapter 541 of the Texas Insurance Code, DTPA, and breach of the common law duty of good faith and fair dealing. (Doc. No. 14 at 1). Defendant's Motion explicitly states that it does not seek summary judgment on Plaintiffs' Chapter 542 claim, nor their claim for breach of contract.

## II.   Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all

3

reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

As noted above, Defendant asserts Plaintiffs' claims for violations of Chapter 541 of the Texas Insurance Code, DTPA, and breach of the common law duty of good faith and fair dealing must be dismissed as a matter of law. (Doc. No. 14 at 1). Defendant contends that the aforementioned claims must be dismissed because they amount to only a *bona fide* dispute over the amount of covered damages—a dispute for which State Farm cannot be held liable. (*Id.*).

The DTPA was enacted to "protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." Tex. Bus. & Com Code § 17.44. Plaintiff alleges Defendant violated sections 17.46(b)(2), (5), (7), (9), (12), (20), (24) and 17.50(a)(2–4) of the DTPA. (Doc. No. 1 at 17–18).

Similarly, Texas Insurance Code Chapter 541 was enacted to "regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Tex. Ins. Code § 541.001. Plaintiff alleges Defendant

4

violated sections 541.060(a)(1), (a)(2)(A), (a)(3), and (a)(7) of the Texas Insurance Code. (Doc. No. 1 at 15–16).

The three extra-contractual claims at issue (breach of the common-law duty of good faith and fair dealing, DTPA violations, and violation of Texas Insurance Code Chapter 541) "share the same predicate for recovery: a showing of common law bad faith." *Alvarez v. State Farm Lloyds*, No. SA-18-cv-01191-XR, 2020 WL 1033657, at *3 (W.D. Tex. Mar. 2, 2020) (granting summary judgment on claims for Texas Insurance Code violations, DTPA violations, and breach of the duty of good faith and fair dealing because there was no evidence of bad faith) (citing *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)); *see also Labourdette v. State Farm Lloyds*, No. 4:19-cv-2551, 2021 WL 2042974, at *4 (S.D. Tex. May 21, 2021) (granting summary judgment on a statutory bad faith claim under Chapter 541 of the Texas Insurance Code because there was no evidence of bad faith).

A plaintiff may sue for breach of the duty of good faith and fair dealing if their insurer denies or delays their claim without any reasonable basis for the denial or delay in the processing of claims. *Blueitt v. Crestbrook Ins. Co.*, 643 F. Supp. 3d 651, 658 (N.D. Tex. 2022) (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). Nevertheless, courts have consistently held that a bona fide coverage dispute is not evidence of an insurer's unreasonableness. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997); *see also Blueitt*, 643 F. Supp. 3d at 658. As such, an insurer is entitled to summary judgment on the extra-contractual claims if the summary judgment evidence establishes that there was no more than a good faith dispute. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997).

Due to the close relationship between common law bad faith claims and the statutory bad faith provisions found in the Texas Insurance Code and the [DTPA], "Texas courts have held that the bona fide dispute rule also applies to statutory bad faith claims under the [DTPA] and the Texas Insurance Code." *Blueitt*, 643 F. Supp. 3d at 658 (citing *Higginbotham*, 103 F.3d at 459). As a result, "when an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim asserting a wrongful denial or delay in the payment of policy benefits, if there is no merit to the bad faith claim, there can be no liability on the statutory claims." *Kondos v. Allstate Tex. Lloyds*, No. CIV.A. 1:03-cv-1440, 2005 WL 1004720, at *13 (E.D. Tex. Apr. 25, 2005) (citing *Higginbotham*, 103 F.3d at 460); *see also Soto v. Lloyds*, No. 5:15-cv-86, 2016 WL 6883174, at *5 (S.D. Tex. Aug. 19, 2016).

Here, Defendant promptly responded to Plaintiffs' claim by sending an adjuster to inspect the property. The adjuster observed what he considered to be minimal hail damage to the property. As a result, Defendant sent a letter to Plaintiffs setting out its position that the covered damage to the Property was below Plaintiffs' deductible and the remaining damage was not covered because it appeared to be normal wear, tear, and deterioration. Consequently, Defendant did not issue Plaintiffs any payment. After reviewing the photographs taken at the initial inspection, State Farm sent a second inspector to the property. The second inspector disagreed with the original inspector's findings. The second inspector's report states:

> ROOF: No storm related damage observed at time of inspection. Inspected all vents, flashing, valleys, ridges, soft metals, and all other roof items. Only hail spatter observed was to single turtle vent located on lower left slope. Spatter indicates very small hail, around pea size. On that same turtle vent was the only hail damage observed. However the damage to turtle vent is old damage. Nowhere around property is there any spatter or damage consistent with hail of this size. Additionally, the hail spatter on the turtle vent is not consistent in size or shape with damages. Previous adjuster pointed out what he believed to be hail spatter on roof surface. I did observe some of the oxidation marks on roof surface. Majority of these instances were located in areas directly below tree canopies. Additionally,

> some of these marks are located in area that have complete cover with exception to tree debris. These marks are not consistent with hail spatter.
>
> \*\*\*
>
> EXTERIOR: No storm related damage observed at time of inspection. Inspected all painted surfaces, wood surfaces, soft metals, window screens, miter base, as condenser, siding, and other items around property. I did not observe any hail spatter or storm [damage].
>
> \*\*\*
>
> DWELLING EXTENSIONS: No storm related damage observed at time of inspection. There is a small section of fence that the contractor pointed out as hail spatter. The marks do have a very similar appearance to hail spatter. However, it is very localized extending about 2' along fence. There is a large tree canopy above this section of fence and these marks were not observed anywhere else on fence line. There is a large run of stained fence on opposite side of house that is completely exposed and has no signs of hail spatter or hail dmg.

(Doc. No. 14 at 46).

That the second inspector disagreed with the first is not necessarily evidence of bad faith. If, after a reasonable investigation, the insurer has evidence showing that an insured's claim may be invalid, then a bad faith action is not viable. *Tucker v. State Farm Fire & Cas. Co.*, 981 F. Supp. 461, 465 (S.D. Tex. 1997). This is so because an insured only has a cause of action for bad faith if the insurer lacks *any* reasonable basis to deny the claim. *See Blueitt*, 643 F. Supp. 3d at 658. The second inspector's report is surely evidence showing that Plaintiffs' claim may be invalid. Plaintiffs also fail to present any facts of a wrong, abuse or gross negligence that may rise to a claim of bad faith. Significantly, even if the second inspector agreed with the first, State Farm would still not have paid for the claim because it was below Plaintiffs' deductible. Plaintiffs' evidence of bad faith is essentially that they disagree with both inspectors, but disagree with the second inspector more. That Plaintiffs' claim was effectively denied twice is not evidence of bad faith.

Further, Plaintiffs' evidence goes to their breach of contract claim, not a claim for bad faith. An insurer does not breach its duty of good faith and fair dealing "merely by erroneously denying a claim." *Williams*, 955 S.W.2d at 268. Though the Court does not opine as to whether Plaintiff has a viable breach of contract claim, even if Plaintiffs are correct in their assertion that State Farm's denial was wrongful because the damage was covered under the Policy, that is not evidence of bad faith.

These facts establish a reasonable basis for Defendant's denial of Plaintiffs' insurance claim. The "misrepresentations" alleged by Plaintiffs stem from their disagreements with Defendant's findings following the inspection of the property and whether the Policy provided coverage. "That [Plaintiffs] describe Defendant's conduct as unreasonable, without any explanation as to how it was unreasonable other than a failure to cover certain damages, is simply not enough." *Soto*, 2016 WL 6883174, at *5; *see also Kim v. Nationwide Mut. Ins. Co.*, 614 F. Supp. 3d 475, 497 (N.D. Tex. 2022) ("Although this claim mentions a misrepresentation—suggesting it may not arise out of the same factual allegations as [Plaintiff]'s bad faith claim—the claim appears to rely on the same theory as his bad faith claim (i.e., that there was no reasonable basis to deny his policy benefits, and [the insurer's representation to the contrary was a misrepresentation of coverage.").

While Plaintiffs note that their independent adjuster inspected the property and came to a different conclusion of Defendant's adjusters, "[t]he fact that qualified experts on each side of this case disagree about whether the damage to the [Property] was caused by hail and wind is further evidence that this case is, at heart, a bona fide coverage dispute, not one of bad faith." *Alvarez*, 2020 WL 1033657, at *5. Accordingly, Plaintiffs' claims for breach of the common-law duty of good faith and fair dealing, DTPA violations, and violation of Texas Insurance Code Chapter 541

8

fail as a matter of law. *See Soto*, 2016 WL 6883174, at *5 ("[A]n insurer may establish its right to summary judgment by showing that there is 'no more than a good faith dispute' as to coverage.").

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** State Farm's Motion for Partial Summary Judgment. (Doc. No. 14). Plaintiffs' claims for violations of Chapter 541 of the Texas Insurance Code, DTPA, and breach of the common law duty of good faith and fair dealing are dismissed. Plaintiffs' claims for the alleged violations of Chapter 542 and breach of contract remain.

Signed at Houston, Texas, on this the _11th_ day of March, 2025.

Andrew S. Hanen
United States District Judge